AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District IDAHO | |
|---|---|---|
| Name of Movant<br>David Roland Hinkson | Prisoner No.<br>08795-023 | Case No.<br>CR-04-0127-S-RCT |
| Place of Confinement<br>USP Atwater, U.S. Penitentiary, P.O. Box 019001, Atwater, California 95301 | | |

UNITED STATES OF AMERICA     V.     DAVID ROLAND HINKSON
(name under which convicted)

## MOTION

U.S. COURTS
APR 17 2012
Rcvd____Filed____Time 2:15
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

1. Name and location of court which entered the judgment of conviction under attack
   UNITED STATES DISTRICT COURT, DISTRICT OF IDAHO AT BOISE

2. Date of judgment of conviction   6/6/2005

3. Length of sentence   396 months

4. Nature of offense involved (all counts)
   Three counts that, with the intent that Elven Joe Swisher engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade Swisher to engage in such conduct, that is to murder (count 7: US District Court Judge Edward J. Lodge), (count 8: Nancy D. Cook), (count 9: IRS Agent Steven M. Hinesan), all officers of the United States in violation of Title 18, USC §1114; in violation of Title 18, USC §373.

5. What was your plea? (Check one)
   (a) Not guilty     ☑
   (b) Guilty     ☐
   (c) Nolo contendere     ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   n/a

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury     ☑
   (b) Judge only     ☐

7. Did you testify at the trial?
   Yes ☑    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑    No ☐

(1)

ORIGINAL

9. If you did appeal, answer the following:

   (a) Name of court   9th Circuit Court of Appeals

   (b) Result   Granted and subsequently Denied

   (c) Date of result   07/27/2010

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☑    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   United States Supreme Court

        (2) Nature of proceeding
            Petition for Certiorari

        (3) Grounds raised
            These questions were raised in the 9th Circuit BEFORE E.J. Swisher was convicted of perjury.

            Does a defendant have a right to prove that the government's chief witness has testified falsely and tendered forged documents on an issue critical to the government's case.

            Did the divided en banc panel of the ninth circuit err in holding that a witness's perjury and fraud concerning his military record would be of "limited probative value" to jurors assessing that witness's credibility.

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐    No ☑

        (5) Result   Certiorari Denied

        (6) Date of result   04/18/2011

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court   n/a

        (2) Name of proceeding
            n/a

        (3) Grounds raised
            n/a

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☑

(5) Result  n/a

(6) Date of result  n/a

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐    No ☑
(2) Second petition, etc.    Yes ☐    No ☑

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

No petitions filed other than the direct appeal and the Petition for Certiorari in the United States Supreme Court.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:
   Newly discovered evidence; also see the attached Ground One Memorandum in Support of Defendant Hinkson's 2255 motion.

   Supporting FACTS (state *briefly* without citing cases or law):
   Sentence should be set aside under the Fifth Amendment in light of newly discovered and material evidence primarily bearing on the frauds perpetrated by Swisher, the chief prosecution witness against defendant on all Counts 7, 8 & 9 of his conviction. Such evidence includes, but is not limited to, (1) the April 10, 2008 federal court conviction of Mr. Swisher on various charges (see US v. Swisher, DC No: 07-182); (2) attempted extortion of Hinkson by cyanide poisoning of a WaterOz product by Swisher and escalating threats to testify against Hinkson if he wasn't paid money or given property; (3) Swisher was medically incapable of meeting with Hinkson to receive the alleged solicitations as specified; Swisher was medically so disabled he could never have carried out a torture-murder and no jury that knew his medical condition would have believed Hinkson solicited him; and (4) Hinkson was not physically present in Idaho at the times Swisher alleges he was solicited. These facts are attested to by the Affidavits of Hinkson and numerous third-parties which are attached to the Ground One Memorandum in Support.

B. Ground two:
   Materially relevant bias by the trial court judge; also see the attached Ground Two Memorandum in Support of Defendant Hinkson's 2255 motion.

   Supporting FACTS (state *briefly* without citing cases or law):
   Sentence should be vacated due to serious structural errors demonstrating reversable bias on the part of the trial court judge. Such errors include but are not limited to: repeatedly treating with unfairness and denying me the opportunity to present my defenses; systematically depriving me of the opportunity to present exculpatory evidence to the jury, he decided that exculpatory evidence directly impeaching the trial testimony of Swisher could not be introduced because it supposedly – but incorrectly – concerned a collateral subject; having private conversation with the key government witness outside of open court. Even if the errors committed by the trial judge are deemed not to demonstrate reversable bias, they are nonetheless, structural errors requiring that the sentence be vacated and the matter remanded for a new trial.

C. Ground three:
   Brady violation; also see the attached Ground Three Memorandum in Support of Defendant Hinkson's 2255 motion.

   Supporting FACTS (state *briefly* without citing cases or law):
   Sentence should be set aside in light of the government's failure to produce exculpatory material as required under the Fifth and Sixth Amendments, Brady v. Maryland, 373 U.S. 83 (1963), and related precedent. Such material includes, but is not limited to, failure to produce after demand, Hinkson's passport and the information of defendant's entry and exit from the United States (alibi defense) as well as the withholding of Swisher's medical information regarding his health condition in 2002 when supposedly he was solicited by defendant to commit murder-for-hire, including all of his medical records for 2002 and 2003 along with evidence of statements and conduct apart from that which surfaced prior to the judgment which would have shown that it would have been impossible for defendant to have solicited Swisher because either Swisher was too sick to have had such a meeting or defendant was absent from the State of Idaho and could not have attended such a meeting, plus any other evidence that would fatally undermined the credibility of Mr. Swisher and other elements of the government's case at trial.

D. Ground four:

Ineffective Assistance of Counsel (6th Amendment violation); also see the attached Ground Four Memorandum in Support of Defendant Hinkson's 2255 motion.

Supporting FACTS (state *briefly* without citing cases or law):

Hinkson was deprived of his Sixth Amendment right to the effective assistance of counsel at trial which was below the relevant standard of professional conduct and said failure materially prejudiced Hinkson.. Nolan's failure to conduct an adequate investigation, to present available evidence, to allow Hinkson to assist in his own defense, and to even question the materiall relevant fraud of Swisher and other elements of the government's case at trial.

E. Ground five: Lack of Jurisdiction: See the attached Ground Five Memorandum in Support of Defendant Hinkson's 2255 motion - with a brief statement on the Continuation page 7 of this motion.

F. Ground six: Jury Misconduct: See the attached Ground Six Memorandum in support of Defendant Hinkson's 2255 motion - with a brief statement on the Continuation page 7 of this motion.

G. Ground seven: Governmental Misconduct: See Continuation pages attached to this motion and fully incorporated herein.

H. Ground eight: Prosecutorial Misconduct: See Continuation pages attached to this motion and fully incorporated herein.

13. If any of the grounds listed in 12A, B, C, D, E, F, G and H were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

12A - Ground One: The evidence of Swisher's fraud and perjury was not known at the time of trial or appeal.

12 E - Ground Five: No attorney previously informed me of the lack of jurisdiction; I have discovered it on my own research during the past five or six months.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing
       Wesley W Hoyt, 165 Deerfield Drive, Clearwater, Idaho 83552

   (b) At arraignment and plea
       Wesley W Hoyt, 165 Deerfield Drive, Clearwater, Idaho 83552

   (c) At trial
       Thomas J Nolan, 600 University Ave, Palo Alto, CA 94301 and
       Wesley W Hoyt, 165 Deerfield Drive, Clearwater, Idaho 83552

   (d) At sentencing
       Curtis R Smith, THOMPSON SMITH WOOLF ANDERSON PLLC, POB 50160

(e) On appeal
Dennis P Riordan, Riordan & Horgan,
523 Octavia St, San Francisco, CA 94102

(f) In any post-conviction proceeding
None - filing pro se

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☑   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4/13/2012
Date

*[signature]*
Signature of Movant