UNITED STATES DISTRICT COURT DISTRICT OF IDAHO

| | |
|---|---|
| DAVID ROLAND HINKSON, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Case No. 1:12-cv-196-RCT <br> (Formerly Nos. 3:02-cr-142-RCT <br> and 1:04-cr-127-RCT) |

RESPONSE OF THE UNITED STATES TO HINKSON'S
"MOTION FOR DEFAULT JUDGMENT" AND "OBJECTION TO
COURT'S ORDER GRANTING THE GOVERNMENT MORE
TIME TO FILE A RESPONSE TO DEFENDANT'S 2255 MOTION"

PROCEDURAL HISTORY

Following a jury trial in the United States District Court for the District of Idaho, Hinkson was convicted on three counts of soliciting crimes of violence, in violation of 18 U.S.C. § 373. The offenses resulting in the convictions involved Hinkson's solicitation to murder United States District Court Judge Edward Lodge, Assistant United States Attorney Nancy Cook, and Internal Revenue Service Agent Steven Hines. Cook and Hines were respectively the AUSA who prosecuted Hinkson for tax evasion, and the investigator who led the investigation resulting in that prosecution. Judge Lodge was the District Judge assigned to the case.

Because the threat solicitation involved a prosecutor assigned to the U.S. Attorney's Office for the District of Idaho, that Office was recused from involvement in the prosecution of the solicitation case, and the prosecution was undertaken by Michael Taxay and Michael Patrick Sullivan, attorneys then assigned to the U.S. Department of Justice Criminal Division in Washington, D.C. Michael J. Mullaney, the Chief of the Division's Counterterrorism Section, was designated the Acting United States Attorney for purposes of the prosecution.

On June 6, 2005, this Court sentenced Hinkson to consecutive 120-month prison terms on each of the counts of conviction, and to a consecutive 36-month prison term under 18 U.S.C. § 3147 (penalty for offense committed while on release), all to be followed by 3 years supervised release. The Court ordered the entire sentence to run consecutively to the 120-month prison term Hinkson received on the underlying tax evasion convictions (No. 3:02-cr-00142-BLW-RCT (D. Idaho)).

A divided three judge panel of the court of appeals reversed Hinkson's convictions. United States v. Hinkson, 526 F.3d 1262 (9th Cir. 2008). On rehearing en banc, the court of appeals vacated the panel decision, and a limited en banc court affirmed Hinkson's convictions. United States v. Hinkson, 585 F.3d 1247 (9th Cir. 2009) (en banc). The court of appeals then denied a petition for

reconsideration by the limited en banc panel or rehearing by the full court. United States v. Hinkson, 611 F.3d 1098 (9th Cir. 2010) (en banc). On April 18, 2011, the Supreme Court denied Hinkson's petition for a writ of certiorari. Hinkson v. United States, 131 S. Ct. 2096 (2011). The undersigned represented the United States in proceedings before the en banc court and subsequently drafted the government's Opposition to the Petition for a Writ of Certiorari (filed Mar. 7, 2011).

On April 17, 2012, one day before the expiration of the one-year period following finality of the judgment within which to file a motion for collateral relief, Hinkson filed the instant petition to set aside his sentence under 28 U.S.C. § 2255.[1] No. 1:04-cr-00127-RCT, Docket No. 232; No. 1:12-cv-00196-RCT, Docket No. 1. On April 20, 2012, this Court entered an order directing the government to respond to the petition within 30 days. See Docket No. 2. As the undersigned had never entered an appearance in the District Court in connection with this case, he was unaware of the order.

On May 21, 2012, Hinkson filed an "Amended Memorandum" in support of

---

[1] The Motion was accompanied by a "Motion to Expand the Record," a "Motion for Discovery," and a "Motion to Recuse Judge Tallman." No. 1:04-cr-00127-RCT, Docket Nos. 320, 321, 322.

his preceding Petition. Docket No. 3. On May 24, 2012, the Court issued an "Amended Notice of Filing and Resetting Briefing Schedule Regarding Motion Pursuant to 28 U.S.C. § 2255." Docket No. 4. The May 24th order observed that the Court "failed to include notice to counsel in both cases" and therefore failed "to give adequate notice to all parties." The Court therefore "vacated" the preceding order and directed the government to file a Response to both the Petition and the newly-filed Amended Memorandum within 30 days. On or about that date, the undersigned was notified of the order and the view of the United States Attorney's Office for the District of Idaho that, in view of the subject matter of the petition, that office continued to be recused from involvement in the case. The undersigned therefore agreed to take the lead in drafting the response directed by the Court.

On May 29, 2012, Hinkson filed the instant Motion for entry of a default judgment under Fed. R. Civ. P. 55. See Docket No. 6. The Motion was predicated on the fact that the government had failed to file a timely Response under the Court's initial (and subsequently vacated) briefing order. An "Objection" to the Court's amended briefing order accompanied the Motion. Docket No. 5 (Objection). It alleged, among other things, that the order was improperly entered to "cure the government's default" and that, in any event, the Court was precluded from taking such action because Hinkson had filed a motion seeking this Court's

4

recusal. See Objection at 2. For the reasons set out below, the motion for entry of default judgment should be denied and the Objection rejected.

## ARGUMENT

It is black letter law that "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." Gordan v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) (collecting cases); see, e.g., Cook v. Ducharme, 1998 WL 690902, at *2; 162 F.3d 1168 (9th Cir. Sept. 25, 1998) (table). As a district court explained in Hill v. White, 2010 WL 4579397, at *1 (D. Ariz. Oct. 25, 2010):

> [F]ederal courts do not favor the use of default judgment to grant habeas relief without reaching the merits of the claims. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990). As the Seventh Circuit has noted, a default judgment is a sanction and "a sanction should be proportionate to the wrong." Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994). "Releasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time. This thinking informs the principle that default judgements are disfavored in habeas corpus cases." Id.

The only circumstance identified by the courts that may warrant such relief is "if the government's failure to respond creates excessive delay in the proceedings." Hill, 2010 WL 4579397, at *1 (citing Ruiz v. Cady, 660 F.2d 337, 341 (7th Cir. 1981)). No such excessive and prejudicial delay has occurred or will occur in this

case.  In the first place, Hinkson's consecutive sentence on the solicitation convictions that are the subject of the instant petition will not even begin to run for several years – well beyond the time that will be necessary to dispose of his petition.  Moreover, since Hinkson filed a voluminous "Amended" petition several days before the government's response on his initial petition was due, the government surely would have been afforded additional time within which to respond in any event.

Finally, even if the government were to file no response to Hinkson's Petition to set aside his sentence, he would not be entitled to summary judgement against the United States.  Under Fed. R. Civ. P. 55(d), "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Hinkson has presented no claim or evidence demonstrating entitlement to relief under Section 2255.  To the contrary, his claims: (1) were previously entertained and resolved at trial or on direct appeal; (2) were procedurally defaulted for failure to raise them in a timely manner at trial or on direct appeal; (3) fail to establish the existence of "newly discovered evidence" under Fed. R. Crim. P. 33(b); or (4) otherwise fail to present facts and legal foundations sufficient to satisfy the stringent requirements for relief on collateral review.

Nor is there merit to Hinson's Objection to issuance of the District Court's amended briefing schedule on the ground that the Court should have recused itself. Objection at 4-6. As the court of appeals has explained, "[w]e have held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986). In addressing such a motion, the Court is surely entitled to require the benefit of the government's response.

## CONCLUSION

For the foregoing reasons, the Motion for Default Judgment should be denied and Hinkson's Objection to the Court's order vacating the previous briefing schedule should be rejected.

Respectfully submitted,

/s/ John F. De Pue
John F. De Pue
Attorney
National Security Division
Department of Justice
Washington, D.C. 20530
Counsel for the United States

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of June, 2012, a copy of the foregoing "Response of the United States to Hinkson's 'Motion for Default Judgment' and 'Objection to Court's Order Granting the Government More Time to File a Response to Defendant's 2255 Motion'" was filed electronically.  Notice of this filing will also be sent to the petitioner at Atwater U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 019001, Atwater, California, 95301, via U.S. First-Class Mail.

<u>/s/ John F. De Pue</u>
John F. De Pue
<u>Attorney</u>
<u>National Security Division</u>
<u>Department of Justice</u>
<u>Washington, D.C. 20530</u>
<u>Counsel for the United States</u>