FILED

AUG 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID R. HINKSON,

Applicant,

v.

UNITED STATES OF AMERICA,

Respondent.

No. 18-71748

ORDER

Before: FARRIS, HAWKINS, and BYBEE, Circuit Judges.

The application for authorization to file a second or successive 28 U.S.C. § 2255 motion contends that the district court imposed consecutive sentences on the applicant's convictions for solicitation to commit murder under 18 U.S.C. § 373 because it believed those convictions qualified as crimes of violence. The applicant contends that he is entitled to resentencing because solicitation to commit murder no longer qualifies as a crime of violence in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We need not determine whether solicitation to commit murder remains a crime of violence after *Dimaya* or whether *Dimaya* is retroactively applicable under the reasoning set forth in *Welch v. United States*, 136 S. Ct. 1257 (2016). The decision to run sentences concurrent or consecutive is within the district court's discretion and governed by 18 U.S.C. § 3584(a), which does not contain language implicated by *Dimaya*. The application is, therefore,

denied. The applicant has not made a prima facie showing under 28 U.S.C. § 2255(h) of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Any pending motions are denied as moot.

No further filings will be entertained in this case.

**DENIED.**